IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50065
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WOLFGANG ERBSTOESSER,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
(98-CR-141-1)
- - - - - - - - - -

October 5, 1999

Before POLITZ, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Wolfgang Erbstoesser appeals from his sentence following his guilty-plea conviction for conspiracy to possess with intent to distribute MDMA and cocaine, possession with intent to distribute MDMA, and importation of MDMA. He first argues that the district court clearly erred by attributing one pound of crystal methamphetamine to him as relevant conduct, contending that evidence of the methamphetamine sale was insufficiently reliable and that the sale of methamphetamine did

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not qualify as relevant conduct. He also asserts that the district court clearly erred by applying a two-level leadership adjustment to his sentence, pursuant to U.S.S.G. § 3B1.1(c). Factual findings made by a sentencing court must be supported by a preponderance of the evidence and are upheld unless clearly erroneous. United States v. McCaskey, 9 F.3d 368, 372 (5th Cir. 1993). The sentencing court's interpretations of the guidelines are reviewed de novo. Id.

Evidence of Erbstoesser's methamphetamine sale was obtained from interviews conducted by DEA agents and was corroborated by Erbstoesser's own statements to the DEA agents. The evidence was therefore sufficiently reliable for sentencing purposes. See United States v. Shacklett, 921 F.2d 580, 584-85 (5th Cir. 1991). Although Erbstoesser argued against the inclusion of the methamphetamine sale as relevant conduct and the imposition of the leadership adjustment at sentencing, he failed to present any rebuttal evidence as to either issue. Erbstoesser has therefore failed to show that the district court clearly erred by adopting the PSR's factual findings regarding these issues. See United States v. Rogers, 1 F.3d 341, 345 (5th Cir. 1993)(no clear error shown when defendant failed to present evidence to rebut PSR's finding regarding relevant conduct). As we affirm the sentence imposed by the district court, we need not consider Erbstoesser's request for a remand for the sentencing court to apply the "safety valve provision."

AFFIRMED.

2